United States District Court
Southern District of Texas
**ENTERED**
July 27, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **MARIA DEL CORAL LEAL GARCIA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:25-cv-5387** |
| | § | |
| **KRISTI LYNN NOEM, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

# MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Petitioner Maria del Coral Leal Garcia's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1) as well as the Government's ("Respondents") Motion to Dismiss Plaintiff's Petition (ECF No. 17). Petitioner then filed a Reply in Opposition to the Government's motion (ECF No. 18). Based on a careful review of the Petition, briefing, arguments, and relevant law, including recent binding precedent from the Fifth Circuit, the Court **RECOMMENDS** Petitioner's Petition (ECF No. 1) be **DENIED AS MOOT**, Respondents' Motion to Dismiss (ECF No. 17) be **GRANTED**, Respondents' previously filed Motions to Dismiss (ECF Nos.

[1] This case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 20).

10, 16) be **DENIED AS MOOT**, and this case be **DISMISSED WITHOUT PREJUDICE**.

## I. Background

According to the Petition, Plaintiff is a citizen of Mexico who has been residing in the United States since 2000. (ECF No. 1 at ¶ 1). On or about June 23, 2025, Respondents' agents apprehended Petitioner. (*Id.*). As of November 11, 2025, the time of the filing of the Petition, Petitioner was detained at the Houston Contract Detention Facility in Houston, Texas. (*Id.* at ¶ 21). Petitioner sought release from detention or a bond hearing under 8 U.S.C. § 1226(a). (*Id.* at ¶¶ 52–55). Her Petition also alleges a Fifth Amendment violation. (*Id.* at ¶¶ 56–60).

On January 2, 2026, Petitioner was released on bond from the Department of Homeland Security's custody. (ECF No. 17 at 2 (citing ECF No. 17-1); *see also* ECF No. 18 at 2).

## II. Legal Standard

### a. <u>Habeas Corpus</u>

A person in custody in violation of the Constitution or laws or treaties of the United States can seek relief by writ of habeas corpus. *P.B. v. Bergami*, No. 3:25-cv-2978, 2025 WL 3632752, at *2 (N.D. Tex. Dec. 13, 2025) (citing 28 U.S.C. § 2241(c)(3)). "[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v.*

*Rumsfeld*, 542 U.S. 507, 525 (2004). "The Supreme Court has interpreted § 2241 as granting district courts with jurisdiction to hear habeas corpus challenges to the legality of the detention of aliens." *Lopez v. Ladwig*, No. 6:25-cv-1884, 2026 WL 19095, at *3 (W.D. La. Jan. 2, 2026) (citing *Rasul v. Bush*, 542 U.S. 466, 473 (2004)).

b. Motion to Dismiss

Dismissal under Federal Rule of Civil Procedure ("Rule") 12(b)(1) is proper where "the court lacks the statutory or constitutional power to adjudicate the case." *Home Builder's Ass'n of Miss., Inc. v. City of Madison*, 143 F. 3d 1006, 1010 (5th Cir. 2014). The plaintiff bears the burden of proving that a district court has jurisdiction by a preponderance of the evidence. *See Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012). "[I]f the defense merely files a Rule 12(b)(1) motion, the trial court is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

## III. Discussion

Respondents argue this Court lacks subject matter jurisdiction over Petitioner's Petition because Immigration and Customs Enforcement ("ICE") released Petitioner from custody on January 2, 2026, which renders her Petition moot. (ECF No. 17 at 5). Petitioner acknowledges that she has been

released from ICE custody; however, she argues her Petition is not moot because (1) she is at risk of re-detention at any time and (2) she is "in a digital cage" due to being required to wear an ankle monitor and comply with the reporting conditions under ICE's Intensive Supervision Appearance Program ("ISAP"). (ECF No. 18 at 3–6).

Federal courts' jurisdiction is limited by Article III of the Constitution to actual cases and controversies. *See Payne v. Progressive Fin. Servs.*, 748 F.3d 605, 607 (5th Cir. 2014). An action is rendered moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (citing *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)). "A moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999).

"Generally, release from custody renders a habeas petition moot."[2] *Rocha v. Mayorkas*, 579 F. Supp. 3d 923, 929 (S.D. Tex. 2022) (citing *Lane v. Williams*, 455 U.S. 624, 631 (1982)); *see also Lemons v. Swann*, 412 F. App'x 672, 673 (5th Cir. 2011) ("In the context of habeas petitions . . . this court has

[2] An exception applies in the criminal context if the petitioner continues to suffer "collateral consequences" as a result of the challenged conviction or detention. *See Bacilio-Sabastian v. Barr*, 980 F.3d 480, 482 (5th Cir. 2020). Petitioner does not argue this exception applies here.

dismissed a petitioner's appeal as moot upon the petitioner's release from custody . . . .").

Petitioner's arguments regarding the risk of re-detention, the use of an ankle monitor, and compliance with ICE's ISAP are unsupported and, thus, without merit. Because Petitioner has been granted the relief she sought in her Petition, the Petition is now moot. *See Salazar v. Gillis*, No. 5:19-cv-142, 2020 WL 3087012, at *1 (S.D. Miss. June 10, 2020) (collecting cases); *see also Branchi v. Acuna*, No. 6:25-cv-1943, 2025 WL 4037165, at *1 (W.D. La. Dec. 27, 2025), *report and recommendation adopted*, No. 6:25-cv-1943, 2026 WL 96462 (W.D. La. Jan. 13, 2026); *Mendoza v. Tate*, No. 26-cv-4249, 2026 WL 2091719, at *1 (S.D. Tex. July 20, 2026).

## IV. Conclusion

Based on the foregoing, the Court **RECOMMENDS** Petitioner's Petition (ECF No. 1) be **DENIED AS MOOT**, Respondents' Motion to Dismiss (ECF No. 17) be **GRANTED**, Respondents' previously filed Motions to Dismiss (ECF Nos. 10, 16) be **DENIED AS MOOT**, and this case be **DISMISSED WITHOUT PREJUDICE**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time

period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on July 27, 2026.

Richard W. Bennett
United States Magistrate Judge